STATE OF MAINE
CUMBERLAND, ss.

DESIGN DWELLINGS, INC.,

Plaintiff

v.

EVERETT J. LABRECQUE,
DEBRA E. LABRECQUE, and
ALBERT R. LABRECQUE,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-00-039
REC -CUM- 4/5/ 2001

ORDER

## FACTUAL BACKGROUND

On February 16, 1999, the plaintiff and defendants Everett and Debra Labrecque entered into a written contract for the construction of a colonial-style house with attached garage, together with all phases of related earth and site work. As a result of the defendants' alleged failure to make final payment to the plaintiff when due, the plaintiff recorded a mechanic's lien against the property on January 21, 2000. The plaintiff's verbal and written request on January 24, 2000 to resolve the dispute by binding arbitration as required by the parties' contract was met with refusal.

To protect its mechanic's lien, the plaintiff filed a four-count complaint on April 6, 2000 seeking enforcement of the lien and alleging breach of contract, promissory estoppel and unjust enrichment. On April 26, 2000, the defendants filed their answer asserting, among others, an affirmative defense that the parties' contract requires resolution of disputes by binding arbitration and counterclaiming for breach of contract, breach of warranty, breach of the Home Construction Contract Act, and violation of the Unfair Trade Practices Act.

Following the plaintiff's reply to the counterclaim and assertion of affirmative defenses filed on May 10, 2000, the plaintiff reiterated its request that the parties take their dispute to binding arbitration. On November 1, 2000, the plaintiff amended its complaint to include a fifth count seeking penalties, interest, attorney's fees and costs. The defendants subsequently filed their answer to plaintiff's amended complaint on November 14, 2000.

The plaintiff seeks an order staying the Superior Court proceedings and commanding the parties to binding arbitration pursuant to the express terms of the parties' contract and the Maine version of the Uniform Arbitration Act, 14 M.R.S.A. §§ 5927-5949 (1980). For the following reasons, the plaintiff's motion is granted.

## DISCUSSION

Whether a party has waived its contractual right to arbitration is a question of law when the facts upon which waiver is based are undisputed. Saga Communications of New England v. Voornas, 2000 ME 156, ¶ 7, 756 A.2d 954, 958. The party who allegedly waived its right to arbitration must have undertaken a course of action inconsistent with its present insistence upon its contractual right to arbitrate. Id. ¶ 12, 756 A.2d at 959. "The relevant question is whether the parties have litigated 'substantial issues going to the merits' of the arbitrable claims without any indication that, despite the dispute's presence in court, a party intends to exercise its contractual right to arbitrate." Id. For this Court to find waiver, therefore, Design Dwellings must have demonstrated a "preference for litigation" over arbitration. See id. ¶ 12, 756 A.2d at 960.

2

This case is distinguishable from <u>Saga</u> where the Law Court found the plaintiff's actions to be inconsistent with its insistence upon its arbitration rights. In that case, the Court held that Saga litigated substantial issues going to the merits of its breach of contract claim in its two motions for injunctive relief because the primary issue before the Superior Court was whether the defendant's activities constituted a breach of the agreement that should be enjoined. <u>Id.</u> ¶ 14, 756 A.2d at 960. The Court also found that the plaintiff litigated substantial issues going to the merits of its trade secrets claim because the plaintiff answered defendant's motion for summary judgment on the merits and requested that the Superior Court enter a summary judgment against the defendant while failing to indicate the defendant was defending herself before the wrong tribunal. <u>Id.</u> ¶ 15.

The Labrecques argue that the plaintiff has actively litigated this matter. Active litigation alone will not preclude arbitration, however. Instead, the party seeking arbitration must litigate substantial issues going to the merits to be precluded from asserting its arbitration rights. <u>Id.</u> ¶ 12, 756 A.2d at 959. Not only is there a lack of any litigation as to the merits of Design Dwellings' claims, the plaintiff consistently asserted its right to arbitration throughout the course of the litigation. Although the plaintiff did not mention its right to arbitrate in any of its pleadings, the defendants were on notice that the plaintiff intended to invoke the binding arbitration clause. On January 24, 2000, when the dispute first arose, the plaintiff offered both verbally and in writing to take the dispute to binding arbitration. By letter dated June 22, 2000, the plaintiff again stated it was willing to

resolve the dispute through binding arbitration. After the plaintiff replied to the defendants' counterclaim, it again requested the dispute be settled by arbitration. These actions clearly do not indicate a "preference for litigation over arbitration."

The entry is

Plaintiff's Motion for Order Staying Proceedings and Commanding Parties to Binding Arbitration is GRANTED.

Dated at Portland, Maine this 3rd day of April, 2001.

Robert E. Crowley
Justice, Superior Court

4

Date Filed __04-06-00__ __CUMBERLAND__ Docket No. __RE 00-39__

County

Action __MECHANICS LIEN__

DESIGN DWELLINGS, INC.

EVERETT J. LABRECQUE
DEBRA E. LABRECQUE
ALBERT R. LABRECQUE

vs.

Plaintiff's Attorney ~~CHARLES PIANCENTINI JR ESQ~~
MICHAEL D. TRAISTER, ESQ 773-5651
PO BOX 9785, PORTLAND ME 04104

Defendant's Attorney (ALBERT LABRECQUE

TIMOTHY H. NORTON, ESQ. (E. & D. LABRECQU
PO BOX 597, PORTLAND ME 04112-0597
775-1020

| Date of Entry | |
|---|---|
| 2000<br>Apr. 11 | Received 04-06-00:<br>Complaint Summary Sheet filed.<br>Complaint with Exhibits A through F filed. |
| "  " | |
| Apr. 13 | On 04-12-00:<br>Clerk's Certificate prepared and returned to Michael D. Traister, Esq.<br>Copy filed. |
| "  " | Received 04-13-00:<br>Summons filed showing officer's return of service on 04-10-00 upon<br>Albert R. LaBrecque. |
| "  " | Summons filed showing officer's return of service on 04-10-00 upon<br>Debra E. LaBrecque to Albert LaBrecque. |
| "  " | Summons filed showing officer's return of service on 04-10-00 upon<br>Everett J. LaBrecque to Albert LaBrecque. |
| April 27 | Received 4-26-00.<br>Defendants Everett and Debra Labrecque's Answer, Affirmative Defenses and<br>Counterclaim, filed. |
| "  " | Counterclaim Summary Sheet, filed. |
| Apr. 28 | Received 4-27-00.<br>Defendant's notification of discovery service filed.<br>Defendant's first request for production of documents to plaintiff<br>served on Michael D. Traister, Esq. on 4-26-00. |
| May 11 | Received 5-10-00.<br>Plaintiff/Counterclaim Defendant, Design Dwellings Inc.'s, Reply and<br>Affirmative Defenses filed. |
| June 09 | Received 06-09-00.<br>Plaintiff's Notification for Discovery Service filed.<br>First Request for Production of Documents to Defendants' Everett J. Labrecqu |